**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON**

**OPAL R. SLONE, individually and
as the Administratrix of the Estate
of Jacquline Hudson, and THE
ESTATE OF JACQULINE HUDSON**

       **Plaintiffs,**

v.                                       **CIVIL ACTION NO.: 3:23-CV-00636
HONORABLE ROBERT C. CHAMBERS**

**JEFFREY RACER, et al.**

       **Defendants.**

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO SEAL ECF NOs. 108 AND ECF NO. 110
AND THE ACCOMPANYING EXHIBITS TO EACH RESPONSE**

**COME NOW,** the Defendants, the Cabell County Sheriff's Office, Sheriff Chuck Zerkle, and Cabell County Commission, by counsel, Wendy E. Greve, Benjamin B. Vanston and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and for their *Memorandum of Law in Support of their Motion to Seal ECF Nos. 108 and ECF No. 110 and the Accompanying Exhibits to Each Response*, state and aver as follows:

**INTRODUCTION**

On September 9, 2024, Defendants Cabell County Sheriff's Office, Sheriff Charles Zerkle, and the Cabell County Commission (collectively, the "County Defendants") filed their responses to Plaintiff's *Motions for Summary Judgment on Negligence* (ECF No. 108) and *Substantive Due Process* (ECF No. 110). Subsequently, the County Defendants moved to place the responses and the accompanying exhibits under seal because certain

exhibits attached to the responses contained personal and sensitive information. (ECF No. 118).[1] The Court granted the *Motion to Seal* and ordered the County Defendants to "file a memorandum of law... explaining whether they believe all the documents should remain permanently sealed or whether redacted versions may be filed for public view." (ECF No. 119).

Here, the Court should order redacted versions of the exhibits attached to ECF Nos. 108 and 110 to be filed because it is a less drastic alternative to keeping the entire documents under seal. Additionally, the Court should order the County Defendants' to file an Amended version of their *Response to Plaintiff's Motion for Summary Judgment Concerning Negligence Against Defendant Racer, Jr.* (ECF No. 108) to delete a partial reference to protected information contained in the exhibits. Accordingly, the County Defendants respectfully request the Court to their grant their *Motion to Seal ECF No. 108 and ECF No. 110 and the Accompanying Exhibits to Each Response* (ECF No. 116), keep the exhibits attached to those responses permanently under seal because they are unredacted versions of documents containing protected information, and order the County Defendants to re-file the attached exhibits with the protected information at issue redacted.

## LEGAL ARGUMENT

**I. THE COURT SHOULD ORDER REDACTED VERSIONS OF THE EXHIBITS ATTACHED TO ECF NOS. 108 AND 110 TO BE FILED BECAUSE IT IS A LESS DRASTIC ALTERNATIVE TO SEALING THE ENTIRE DOCUMENTS.**

---

[1] Specifically, ECF Nos. 108–1 and 110–1 (Deposition of Defendant Racer, Jr.); ECF Nos. 108–4 and 110–3 (Deposition of N.S.); and ECF Nos. 108–6 (Deposition of Plaintiff) each contain protected information. Plaintiffs have previously represented that ECF No. 108–5 contains information which was produced as confidential pursuant to the Court's Protective Order. The County Defendants take no position on whether ECF No. 108–6 should remain under permanent seal.

The public has a substantial First Amendment interest in public access to judicial records. See Ashcraft v. Conoco, Inc., 218 F.3d 288 (4th Cir. 2000); see also Hall v. Putnam Cnty. Comm'n, No. 3:22–cv–00277, slip op. at 1–2 (ECF No. 153) (S.D. W. Va. Feb. 12, 2024) (granting motion to seal and ordering exhibits to pending motion to be sealed) and id., (ECF No. 168) (granting motion to seal response to motions for summary judgment and the attached exhibits to those motions). Thus, there is a well-established presumption in favor of public access to judicial records. Ashcraft, 218 F.3d 288. Before sealing a document, the Court must follow a three-step process: (1) provide public notice of the request to seal; (2) consider less drastic alternatives to sealing the document; and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives. Id. at 302.

Here, the Court should order redacted versions of the exhibits to ECF Nos. 108 and 110 to be filed because it is a less-drastic alternative to sealing the entire documents. The exhibits to ECF Nos. 108 and 110 contain personal identifiers and the names of minor children who witnessed the incident alleged in Plaintiff's *Complaint*. Specifically, ECF Nos. 108–1 and 110–1 (Deposition of Defendant Racer, Jr.); ECF Nos. 108–4 and 110–3 (Deposition of N.S.); and ECF Nos. 108–6 (Deposition of Plaintiff) each contain this information. The personal identifiers and names are protected under the *Local Rules of Civil Procedure for the Southern District of West Virginia* and the *Administrative Procedures for Electronic Case Filing in the United States District Court for the Southern District of West Virginia*. L.R. Civ. P. 5.2.1(a); Rule 20.1, *ECF Admin. Proc. for S.D. W. Va.* (revised June 7, 2018). However, the exhibits do not contain this protected information to the extent that redaction of the information is impossible without revealing

the confidential nature of the information or unduly burdensome.[2] For these same reasons, the Court should order the previously filed exhibits to remain permanently under seal as those documents contain unredacted protected information. Accordingly, because the protected information can be redacted from the exhibits and re-filed, the Court should allow the same.

## CONCLUSION

**WHEREFORE**, the Defendants, the Cabell County Sheriff's Office, Sheriff Chuck Zerkle, and Cabell County Commission, respectfully request this Honorable Court to grant their *Motion to Seal ECF No. 108 and ECF No. 110 and the Accompanying Exhibits to Each Response* and keep the exhibits at issue permanently under seal because they are unredacted versions of documents containing protected information and order the County Defendants to re-file the exhibits with the protected information at issue redacted. The County Defendants further request this Honorable Court to order the re-filing of their *Response to Plaintiff's Motion for Summary Judgment* (ECF No. 108) to remove a partial reference to the confidential information contained in an exhibit, and any other and further relief the Court deems necessary.

**Cabell County Sheriff's Office, Sheriff Chuck Zerkle, and Cabell County Commission,**
By Counsel,

*/s/ Benjamin B. Vanston*
Wendy E. Greve, WV State Bar No. 6599
Benjamin B. Vanston, Wv State Bar No 14146

---

[2] However, the Deposition of N.S. (ECF Nos. 108–4 and 110–3) contains protected information to a much larger degree than the other deposition exhibits. (Compare, e.g., ECF No. 108–4 and ECF No. 108–1). Despite this, County Defendants take the position that it is still plausible to re-file a redacted version. However, the County Defendants would not object to that exhibit remaining under seal in its entirety if the Court determines it is necessary to protect such information.

**PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, WV  25301
Telephone:   (304) 344-0100
Facsimile:    (304) 342-1545

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## HUNTINGTON

**OPAL R. SLONE, individually and as the Administratrix of the Estate of Jacquline Hudson, and THE ESTATE OF JACQULINE HUDSON**

    **Plaintiffs,**

v.               **CIVIL ACTION NO.: 3:23-CV-00636**
                  **HONORABLE ROBERT C. CHAMBERS**

**JEFFREY RACER, et al.**

    **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that on the **17th** day of **September 2024,** I electronically filed ***DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL ECF NO. 108 AND ECF NO. 110 AND THE ACCOMPANYING EXHIBITS TO EACH RESPONSE*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Kerry A. Nessel, Esquire<br>The Nessel Law Firm<br>418 Ninth Street<br>Huntington, WV  25701<br>nessel@comcast.net<br>***Counsel for Plaintiff*** | Tyler C. Haslam, Esquire<br>Haslam Law Firm<br>PO Box 585<br>Huntington, WV  25701<br>tyler@haslamlawfirm.com<br>***Counsel for Plaintiff*** |

James C. Stebbins, Esquire
Emily L. Lilly, Esquire
Flaherty Sensabaugh Bonasso, PLLC
200 Capitol Street
Charleston, WV  25338
jstebbins@flahertylegal.com
elilly@flahertylegal.com
***Counsel for Jeffrey Racer***

              */s/ Benjamin B. Vanston*
             Wendy E. Greve, WV State Bar No. 6599
             Benjamin B. Vanston, Wv State Bar No 14146

6

**PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, WV  25301