UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

**OPAL R. SLONE, individually and
as the Administratrix of the Estate
of Jacquline Hudson, and THE
ESTATE OF JACQULINE HUDSON**

      **Plaintiffs,**

v.                                            Case No.:  3:23-cv-00636
                                              The Honorable Robert C. Chambers

**JEFFREY RACER, individually and in his
capacity as a Deputy for the Cabell County
Sheriff's Office, et al.**

      **Defendants.**

## DEFENDANT JEFFREY RACER'S RESPONSE TO PLAINTIFF'S MOTION TO SEAL VARIOUS ITEMS IN THE RECORD

**NOW COMES** the Defendant, Jeffrey Racer, by counsel, and hereby responds to *Plaintiff's Motion to Seal Various Items in the Record* as follows:

According to Local Rule of Civil Procedure 26.4(b)(2), a motion to seal must be accompanied by a memorandum of law that contains "(A) the reasons why sealing is necessary, including the reasons why alternatives to sealing, such as redaction, are inadequate; (B) the requested duration of the proposed seal; and (C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals." LR Civ P 26.4(b)(2). The court will only seal documents when "exceptional circumstances" are present. LR Civ P 26.4(b)(1).

"In order to determine whether the materials should be sealed, the court will weigh the public's First Amendment and common law rights of access against the interests of the party seeking continued confidentiality. See *Va. Dep't of St. Police v. Wash. Post*, 386 F.3d 567, 575–

76 (4th Cir. 2004). The common law right affords presumptive access to all judicial records and documents. *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597 (1978); *Stone v. U. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Materials that fall within the common law right may be sealed only if competing interests outweigh the public's right of access. Generally, "all documents filed for the Court's consideration in a civil case, even if not the subject of a judicial decision, are subject to presumptive access." *Walker Sys. v. Hubbell, Inc.*, 188 F.R.D. 428, 429 (S.D. W. Va. 1999); see also *Brown & Williamson Tobacco v. FTC*, 710 F.2d 1165 (6th Cir. 1983), cert. denied, 465 U.S. 1100 (1983); *In re Coordinated Pretrial Proc. in Petroleum Prods. Antitrust Litig.*, 101 F.R.D. 34, 38 (C.D. Cal. 1984). Public inspection of court documents "is necessary to allow interested parties to judge the court's work product in the cases assigned to it." LR Civ P 26.4(b)(1)." *Lavinder v. Mut. of Omaha Ins. Co.*, No. 2:15-CV-15514, 2016 WL 7320886, at *1–2 (S.D.W. Va. Dec. 15, 2016).

In *Defendant Jeffrey Racer's Response in Opposition to Plaintiff's Motion for Partial Summary Judgment Against All Defendants for Negligence* [ECF No. 105] and *Defendant Jeffrey Racer's Response in Opposition to Plaintiff's Motion for Partial Summary Judgment Against All Defendants for Substantive Due Process Violations* [ECF No. 106], Mr. Racer attached the same exhibits, just in a different order.  Each item attached as an exhibit to either motion is discussed separately below.

1. **Deposition of Jeffrey Racer [ECF No. 105-1] and [ECF No. 106-1].**

Defendant Racer does not believe that his own deposition excerpts contain any information that is sensitive enough to permit the Court to continue to seal them under the above legal standard. Mr. Racer does not believe that his own deposition excerpts contain any references to any minors except for Plaintiff's decedent, who is already depicted in the style of this case.

2. **Deposition of Steven Foster [ECF No. 105-2] and [ECF No. 106-2].**

Defendant Racer does not believe that Mr. Foster's deposition excerpts contain any information that is sensitive at all and certainly nothing sensitive enough to warrant the Court continuing to seal them under the above legal standard. Mr. Racer does not believe that Mr. Foster's deposition excerpts contain any references to any minors by name such that no redactions are necessary.

3. **Deposition of Hannah Giammarino [ECF No. 105-5] and [ECF No. 106-4].**

Defendant Racer does not believe that Ms. Giammarino's deposition excerpts contain any information that is sensitive at all and certainly nothing sensitive enough to warrant the Court continuing to seal them under the above legal standard. Mr. Racer does not believe that Ms. Giammarino's deposition excerpts contain any references to any minors by name.

4. **Deposition of N. S. [ECF No. 105-4] and [ECF No. 106-6].**

Defendant Racer does not believe that N.S.'s deposition excerpts contain any information that is sensitive enough to warrant the Court continuing to seal that exhibit, especially because any issues with that exhibit can be dealt with by simply redacting the names of N.S. and any other minors. Defendant Racer suggests that the Court allow him to provide redacted versions of these exhibits to be considered by the Court in lieu of the previously filed exhibits. Defendant Racer also suggests that he be permitted to do the same with respect to [ECF No. 107-1] which contains a shorter version of excerpts from the deposition of N.S. that was used in conjunction with *Defendant Jeffrey Racer's Response in Opposition to Plaintiff's Motion for Partial Summary Judgment as to Defendant's Claims of Non-Party Fault* [ECF No. 107].

5. **Deposition of Opal Slone [ECF No. 105-6] and [ECF No. 106-5].**

Defendant Racer does not believe that Ms. Slone's deposition excerpts contain any information that is sensitive enough to permit the Court to continue to seal them under the above legal standard. Mr. Racer does not believe that Ms. Slone's deposition excerpts contain any references to any minors except for Plaintiff's decedent, who is already depicted in the style of this case. At the request of Plaintiff's counsel, the Opal Slone Deposition exhibits used by Defendant Racer were already significantly redacted before filing.

6. **Death Certificate [ECF No. 105-3] and [ECF No. 106-3].**

Upon information and belief, the Death Certificate is already a public document and Defendant Racer does not believe that there is any justification for continuing to seal that document in the context of this litigation. Defendant Racer had already redacted the birth date of the decedent before filing these exhibits.

7. **Autopsy Report [ECF No. 105-7] and [ECF No. 106-7].**

Defendant Racer believes that autopsy reports are generally classified as confidential medical records by the West Virginia Office of the Chief Medical Examiner ("OCME") and that disclosure is restricted. Because the autopsy report for Plaintiff's decedent is arguably a confidential medical record, Defendant Racer believes that it could justifiably remain sealed under the reasoning of this Court (through Judge Berger) in *Taylor v. Wexford Health Sources, Inc.*, 2024 WL 2978762 (S.D. W. Va. 2024).

8. **5/11/23 Letter from Putnam County Prosecutor Mark Sorsaia regarding criminal investigation [ECF No. 105-8] and [ECF No. 106-8].**

Upon information and belief, Prosecutor Sorsaia's letter has already been disseminated to the public and Defendant Racer is not aware of anything that would continue to justify the sealing

of that document under the above legal standard. No minors are mentioned by name in the letter except for Plaintiff's decedent who is already depicted in the style of the case.

**WHEREFORE**, the Defendant, Jeffrey Racer Jr., by counsel, respectfully requests that the Court enter an Order regarding *Plaintiff's Motion to Seal Various Items in the Record* consistent with the above.

**JEFFERY RACER, JR.**

**By counsel,**

/s/ James C. Stebbins
James C. Stebbins, Esq. (WVSB #6674)
**Flaherty Sensabaugh Bonasso, PLLC**
200 Capitol Street
P. O. Box 3843
Charleston, WV 25338-3843
T: (304) 345-0200
F: (304) 345-0260
jstebbins@flahertylegal.com

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF WEST VIRGINIA**

**OPAL R. SLONE, individually and**
**as the Administratrix of the Estate**
**of Jacquline Hudson, and THE**
**ESTATE OF JACQULINE HUDSON**

      **Plaintiffs,**

v.                                                              Case No.: 3:23-cv-00636
                                                             The Honorable Robert C. Chambers

**JEFFREY RACER, individually and in his**
**capacity as a Deputy for the Cabell County**
**Sheriff's Office, et al.**

      **Defendants.**

**<u>CERTIFICATE OF SERVICE</u>**

      I, James C. Stebbins, counsel for Defendant Jeffery Racer Jr., do hereby certify that on the 18th day of September, "***Defendant Jeffrey Racer Jr.'s Response to Plaintiff's Motion to Seal Various Items In the Record***" was filed via the CM/ECF system. Notice of this filing will be sent to all parties listed below by operation of the Court's electronic filing system:

Kerry A. Nessel
THE NESSEL LAW FIRM
418 Ninth Street
Huntington, WV 25701

-and-

Tyler C. Haslam
HASLAM LAW FIRM
P. O. Box 585
Huntington, WV 25701
*Counsel for Plaintiffs*

Wendy E. Greve
Benjamin Brice Vanston
PULLIN FOWLER FLANAGAN BROWN & POE
901 Quarrier Street
Charleston, WV 25301
*Counsel for Cabell County Sheriff's Office, Chuck Zerkle, and*
*Cabell County Commission*


/s/ James C. Stebbins
James C. Stebbins, Esq. (WVSB #6674)
**Flaherty Sensabaugh Bonasso, PLLC**