### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF WEST VIRGINIA
### HUNTINGTON

**OPAL R. SLONE, individually and
as the Administratrix of the Estate
of Jacquline Hudson, and THE
ESTATE OF JACQULINE HUDSON**

       **Plaintiffs,**

**v.**                             **CIVIL ACTION NO.: 3:23-CV-00636**
                                       **HONORABLE ROBERT C. CHAMBERS**

**JEFFREY RACER, et al.**

       **Defendants.**

### DEFENDANTS' RESPONSE TO PLAINTIFFS'
### MOTION IN LIMINE TO ESTOP DEFENDANTS FROM ADDRESSING
### PLAINTIFF OPAL SLONE'S CRIMINAL HISTORY

      **COME NOW,** the Defendants, the Cabell County Sheriff's Office, Sheriff Chuck Zerkle, and Cabell County Commission, by counsel, Wendy E. Greve, Benjamin B. Vanston and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, and hereby respond to *Plaintiffs' Motion in Limine to Estop Defendants from Addressing Plaintiff Opal Slone's Criminal History* as follows:

### INTRODUCTION

      On September 9, 2024, Plaintiff Opal Slone filed a *Motion in Limine to Estop Defendants from Addressing Plaintiff Opal Slone's Criminal History* at the trial of this matter. (ECF No. 112). In it, Plaintiff argues that "Defendants have insinuated they intend to elicit evidence at trial concerning Plaintiff['s] criminal history . . . [which is] irrelevant and highly prejudicial as it does not concern the claims and allegations . . . in this civil matter. (ECF No. 112 at 1). Plaintiff's argument is three-fold: (1) her criminal history is not

relevant at all under Rule 401 because her criminal history "has nothing to do with Plaintiff['s] various claims;" (2) the probative value of her criminal history "is substantially outweighed by the danger of unfair prejudice, [etc.]" because "if the evidence is allowed it would likely cause a "trial within a trial;" and (3) use of her criminal history is barred under Rule 404(a). (ECF No. 112 at 1–2). Plaintiff is incorrect, and the Court should deny her *Motion in Limine*.

## **LEGAL ARGUMENT**

A.    *Plaintiff's Criminal History Would Be Admissible Under Rule 609.*

Rule 609 of the *Federal Rules of Evidence* provides the general framework when a party impeaches a witness by evidence of a criminal conviction. FED. R. CIV. P. 609. It states that when a party attacks a witness's character for truthfulness by evidence of a criminal conviction, the evidence: (a) must be admitted, subject to Rule 403, in a civil case. Id. at (1)(A). Thus, the evidence of a criminal conviction for impeachment purposes is subject to the Rule 403 balancing test: whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. See Id.; see also FED. R. CIV. P. 403.

Here, the evidence of Plaintiff's criminal convictions should be admissible at trial under Rule 609. Plaintiff argues that the evidence would "add an additional day to the trial" because Plaintiff "would be required to counter [her criminal history] with witnesses and evidence surrounding each and every charge and/or felony accusation/charge and why [she] entered any guilty plea." (ECF No. 112). But that is not necessary. Plaintiff's guilt has already been adjudicated through a plea; thus, evidence which would

purportedly challenge the factual basis of her convictions should not be considered. Even if Plaintiff wishes to challenge the circumstances surrounding her convictions, she would be able to offer her own testimony in support of her reasoning in pleading guilty to a criminal charge.

B.     *Alternatively, Plaintiff's Criminal History Would Be Admissible Under Rule 401 and Not Barred by Rule 404(a).*

Alternatively, Plaintiff's criminal history would survive the test for general relevancy in Rule 401, and it would not be barred by Rule 404(a). Plaintiff first argues that her criminal history "has nothing to do with Plaintiff['s] various claims against all Defendants." (ECF No. 112). That is incorrect. Plaintiff testified that, at all times, she lived, permanently, with Decedent. The allegations surrounding Plaintiff's criminal convictions and the time she spent either incarcerated or in an alternative treatment program pursuant to her criminal charges are directly related to her relationship with Decedent. Such information would be relevant, at the very least, to her damages and the distribution of the same. See W. VA. CODE § 55–7–5 ("the jury . . . [or] the court may award such damages as to it may seem fair and just . . . in what proportions the damages shall be distributed to the surviving . . . at the time of h[er] death . . . or would otherwise be equitably entitled to share in such distribution").

Moreover, Rule 404(a) does not apply to Plaintiff's criminal history. Rule 404(a) provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." FED. R. CIV. P. 404(a). It goes on to describe exceptions which apply in a criminal case. See Id. at (a)(1)–(2). As this is a civil claim, this provision of Rule 404(a) is irrelevant. Moreover Plaintiff, very briefly, argues, "[i]t seems Defendants may attempt to use [her]

criminal history to solely to paint her in a negative light . . . [and] none of the exceptions are met or satisfied." (ECF No. 112). Plaintiff does not specify how she contemplates the Defendants may use her criminal history to show she acted in conformity with her character, and she includes no discussion on how the exceptions are not applicable. At the very least, Plaintiff's *Motion in Limine* is premature as Plaintiff contemplates it in their argument under Rule 404(a) or (b). Accordingly, the Court should deny Plaintiff's *Motion in Limine* because Plaintiff's criminal history is admissible under Rule 606(a), and it is not limited by Rule 401, 404(a),or 404(b).

     **WHEREFORE**, the Defendants, the Cabell County Sheriff's Office, Sheriff Chuck Zerkle, and Cabell County Commission, respectfully request this Honorable Court to deny Plaintiff's *Motion in Limine to Estop Defendants From Addressing Plaintiff Opal Slone's Criminal History*, and any other and further relief the Court deems necessary.

     **Cabell County Sheriff's Office, Sheriff Chuck Zerkle, and Cabell County Commission,**
By Counsel,

*/s/ Benjamin B. Vanston*
Wendy E. Greve, WV State Bar No. 6599
Benjamin B. Vanston, Wv State Bar No 14146

**PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, WV  25301
Telephone:   (304) 344-0100
Facsimile:    (304) 342-1545

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**HUNTINGTON**

**OPAL R. SLONE, individually and**
**as the Administratrix of the Estate**
**of Jacquline Hudson, and THE**
**ESTATE OF JACQULINE HUDSON,**

**Plaintiffs,**

**v.**                                                   **CIVIL ACTION NO.: 3:23-CV-00636**
                                                          **HONORABLE ROBERT C. CHAMBERS**
**JEFFREY RACER, et al.**

**Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that on the **23rd** day of **September 2024,** I electronically filed *Defendants' Response to Plaintiffs' Motion in Limine to Estop Defendants from Addressing Plaintiff Opal Slone's Criminal History* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kerry A. Nessel, Esquire                          Tyler C. Haslam, Esquire
The Nessel Law Firm                               Haslam Law Firm
418 Ninth Street                                  PO Box 585
Huntington, WV  25701                             Huntington, WV  25701
nessel@comcast.net                                tyler@haslamlawfirm.com
***Counsel for Plaintiff***                       ***Counsel for Plaintiff***

James C. Stebbins, Esquire
Emily L. Lilly, Esquire
Flaherty Sensabaugh Bonasso, PLLC
200 Capitol Street
Charleston, WV  25338
jstebbins@flahertylegal.com
elilly@flahertylegal.com
***Counsel for Jeffrey Racer***

                                        */s/ Benjamin B. Vanston*
                                        Wendy E. Greve, WV State Bar No. 6599
                                        Benjamin B. Vanston, Wv State Bar No 14146

5

**PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, WV  25301