

Tyler Haslam <tyler@haslamlawfirm.com>

## RE: Hudson v. Racer, et al.
1 message

**Stebbins, James C.** <jstebbins@flahertylegal.com>  Fri, Sep 13, 2024 at 4:00 PM
To: Kerry Nessel <nessel@comcast.net>
Cc: "Wendy E. Greve" <wgreve@pffwv.com>, Jayne Hudnall <jhudnall@pffwv.com>, "tyler@haslamlawfirm.com" <tyler@haslamlawfirm.com>, "Burdette, Danica N." <dburdette@flahertylegal.com>

Kerry:

I managed to talk to Mr. Racer today and he is not willing to be deposed voluntarily a second time. He is not trying to be difficult but we think that the request is not fair or reasonable for many reasons.

First of all, as you know, Mr. Racer was made available on July 2, 2024 starting at 9:00 in the morning and when Plaintiff decided to terminate his deposition at 2:15 p.m., that was not because of any request by Mr. Racer or his counsel to stop and we would have made him available for the remainder of the afternoon if necessary. We had no discussion at that time that there was any reason to leave the deposition open.

Secondly, I do not think that it is fair to ask Mr. Racer to subject himself to another deposition so that you can ask him questions about the KCSD investigation report. You have known about the existence of that report since it was first disclosed by the County Defendants in this case in their initial disclosures on July 2. 2024. The disclosures by the County Defendants indicated that the report would be made available to the other parties upon entry of a Protective Order and I do not believe that Plaintiff ever submitted any proposed Protective Order to obtain those documents prior to deciding to take Mr. Racer's deposition.

I would also note that Mr. Haslam already asked Mr. Racer's questions about that investigation during his deposition.

I am also aware of case law holding that if a party chooses to prematurely take a deposition before document discovery is complete, that is not an excuse for subjecting a witness to a second deposition.

Third, the Rules clearly contemplate only 1 deposition per witness unless stipulated by the parties.

Lastly, as you know, Mr. Racer is currently enrolled at the West Virginia State Police Academy where he hopes to graduate on December 13, 2024. I understand that this training is taxing both mentally and physically and I do not think that it is fair to ask him to prepare for and undergo a deposition (especially a second deposition) while he is in the middle of that training.

Based upon all of the above, I must respectfully decline your request. If you would like to discuss this further, please give me a call.

9/26/24, 4:33 PM  Haslam Law Firm Mail - Re: Hudson v. Racer, et al.

Case 3:23-cv-00636    Document 134-5    Filed 09/26/24    Page 2 of 2 PageID #: 2171

Have a nice weekend everyone.

Best,

Jamie

# James C. Stebbins

Member

# Flaherty

**FLAHERTY SENSABAUGH BONASSO** PLLC

P.O. BOX 3843

CHARLESTON, WV 25338

*OVERNIGHT:*

200 CAPITOL STREET

CHARLESTON, WV 25301

PHONE: 304.205.6388

FAX: 304.345.0260

**FLAHERTYLEGAL.COM**

---

**From:** Kerry Nessel <nessel@comcast.net>
**Sent:** Thursday, September 12, 2024 12:41 PM
**To:** Stebbins, James C. <jstebbins@flahertylegal.com>
**Cc:** Wendy E. Greve <wgreve@pffwv.com>; Jayne Hudnall <jhudnall@pffwv.com>; tyler@haslamlawfirm.com; Burdette, Danica N. <dburdette@flahertylegal.com>
**Subject:** Re: Hudson v. Racer, et al.

**CAUTION: THIS EMAIL ORIGINATED FROM OUTSIDE THE ORGANIZATION.**

Thanks for thorough response.

Sent from my iPhone