

**Tyler Haslam <tyler@haslamlawfirm.com>**

---

## Re: Hudson v. Racer, et al.
1 message

---

**Tyler Haslam** <tyler@haslamlawfirm.com>                                    Fri, Sep 20, 2024 at 3:35 PM
To: "Stebbins, James C." <jstebbins@flahertylegal.com>
Cc: Kerry Nessel <nessel@comcast.net>, "Wendy E. Greve" <wgreve@pffwv.com>, Jayne Hudnall <jhudnall@pffwv.com>,
"Burdette, Danica N." <dburdette@flahertylegal.com>, Luke Mathis <lmathis538@gmail.com>, Charlotte Dorsey
<charlotte@haslamlawfirm.com>

Jamie,

We agreed to a protective order and to use the Court's standard form during our Rule 26(f) meeting.  That's specifically
noted in the Report of Parties Planning Meeting [Dkt. 17] that I filed on 11/27/23.  Had the internal affairs investigative file
been produced prior to Racer's deposition, we would have asked pointed questions about his orbital fracture and brain
bleed.  We had no reason to know that the County was allowing Racer to work and to drive while medically compromised.

I appreciate the offer to answer written questions, but it will be faster and more effective (particularly with the pending
summary judgment deadline) to depose Racer a second time on the issues related to his eye injury.  By the time we send
you questions and you meet with him and record his answers, we can knock out a deposition.  I don't anticipate that it will
take more than an hour to an hour and half.  We have no problem driving to Dunbar and taking it at the police academy.  I
don't care to do it at any hour of the night or day.  If Racer can sit at 3 AM, I'll be there.  I have the entirety of Tuesday,
Wednesday, and Friday next week available.

Please let me know.

On Mon, Sep 16, 2024 at 8:46 AM Stebbins, James C. <jstebbins@flahertylegal.com> wrote:

> Tyler:
>
>
> It is not my desire to bother the Court with this matter either.  Respectfully, you could have asked Mr.
> Racer about his orbital fracture when you deposed him the first time and the right questions were not
> asked.  I don't think that you ever proposed a protective order at any time.
>
>
> Nevertheless, as a compromise, I will offer to permit a deposition of Mr. Racer by written questions under
> Rule 31 or I will have my client answer interrogatories targeted at the issue(s) you describe and I will do
> what I can to get answers promptly and not take 30 days.  Doing one of this things will allow you to get the
> discovery you want with the least impact on his training.
>
>
> Let me know if one of these options works for you.
>
>
> Best,
>
>
> Jamie
>
>
> ## James C. Stebbins
> Member

# Flaherty

**FLAHERTY SENSABAUGH BONASSO** PLLC

P.O. BOX 3843

CHARLESTON, WV 25338

*OVERNIGHT:*

200 CAPITOL STREET

CHARLESTON, WV 25301

PHONE: 304.205.6388

FAX: 304.345.0260

**FLAHERTYLEGAL.COM**

---

**From:** Tyler Haslam <tyler@haslamlawfirm.com>
**Sent:** Friday, September 13, 2024 4:11 PM
**To:** Stebbins, James C. <jstebbins@flahertylegal.com>
**Cc:** Kerry Nessel <nessel@comcast.net>; Wendy E. Greve <wgreve@pffwv.com>; Jayne Hudnall <jhudnall@pffwv.com>; Burdette, Danica N. <dburdette@flahertylegal.com>
**Subject:** Re: Hudson v. Racer, et al.

   **CAUTION: THIS EMAIL ORIGINATED FROM OUTSIDE THE ORGANIZATION.**

Jamie,

Racer can and should be deposed a second time, particularly as it relates to the newly discovered information about his orbital fracture and brain bleed.

Further, we indicated at the Rule 26(f) conference that we were fine with all standard protective orders promulgated by the Southern District.

We are trying to resolve this without court intervention, and we would like to avoid the unnecessary cost and delay associated with trying to compel his deposition through the court. Given the time constraints placed on depositions by order this week, we will ask the Court to intervene Monday morning if this issue cannot be resolved amicably between now and then.

Tyler

On Fri, Sep 13, 2024 at 4:00 PM Stebbins, James C. <jstebbins@flahertylegal.com> wrote:

> Kerry:
>
> I managed to talk to Mr. Racer today and he is not willing to be deposed voluntarily a second time. He is not trying to be difficult but we think that the request is not fair or reasonable for many reasons.
>
> First of all, as you know, Mr. Racer was made available on July 2, 2024 starting at 9:00 in the morning and when Plaintiff decided to terminate his deposition at 2:15 p.m., that was not because of any request by Mr. Racer or his counsel to stop and we would have made him available for the remainder of the afternoon if necessary. We had no discussion at that time that there was any reason to leave the deposition open.
>
> Secondly, I do not think that it is fair to ask Mr. Racer to subject himself to another deposition so that you can ask him questions about the KCSD investigation report. You have known about the existence of that report since it was first disclosed by the County Defendants in this case in their initial disclosures on July 2, 2024. The disclosures by the County Defendants indicated that the report would be made available to the other parties upon entry of a Protective Order and I do not believe that Plaintiff ever submitted any proposed Protective Order to obtain those documents prior to deciding to take Mr. Racer's deposition.
>
> I would also note that Mr. Haslam already asked Mr. Racer's questions about that investigation during his deposition.
>
> I am also aware of case law holding that if a party chooses to prematurely take a deposition before document discovery is complete, that is not an excuse for subjecting a witness to a second deposition.
>
> Third, the Rules clearly contemplate only 1 deposition per witness unless stipulated by the parties.
>
> Lastly, as you know, Mr. Racer is currently enrolled at the West Virginia State Police Academy where he hopes to graduate on December 13, 2024. I understand that this training is taxing both mentally and physically and I do not think that it is fair to ask him to prepare for and undergo a deposition (especially a second deposition) while he is in the middle of that training.
>
> Based upon all of the above, I must respectfully decline your request. If you would like to discuss this further, please give me a call.
>
> Have a nice weekend everyone.
>
> Best,

Jamie

## James C. Stebbins

Member

# Flaherty

**FLAHERTY SENSABAUGH BONASSO PLLC**

P.O. BOX 3843

CHARLESTON, WV 25338

*OVERNIGHT:*

200 CAPITOL STREET

CHARLESTON, WV 25301

PHONE: 304.205.6388

FAX: 304.345.0260

**FLAHERTYLEGAL.COM**

---

**From:** Kerry Nessel <nessel@comcast.net>
**Sent:** Thursday, September 12, 2024 12:41 PM
**To:** Stebbins, James C. <jstebbins@flahertylegal.com>
**Cc:** Wendy E. Greve <wgreve@pffwv.com>; Jayne Hudnall <jhudnall@pffwv.com>; tyler@haslamlawfirm.com; Burdette, Danica N. <dburdette@flahertylegal.com>
**Subject:** Re: Hudson v. Racer, et al.


    CAUTION: THIS EMAIL ORIGINATED FROM OUTSIDE THE ORGANIZATION.

Thanks for thorough response.


Sent from my iPhone


> On Sep 12, 2024, at 12:10 PM, Stebbins, James C. <jstebbins@flahertylegal.com> wrote:


Hi Kerry:

I need to look at some things regarding this request and am under a deadline in another matter today and I also want to try to reach out to my client about it.  I will give you a full response tomorrow even if I am unable to reach him.  I did not want you to think I was ignoring this request since you asked for an answer ASAP.


Best,


Jamie


### James C. Stebbins

Member


# Flaherty

**FLAHERTY SENSABAUGH BONASSO** PLLC

P.O. BOX 3843

CHARLESTON, WV 25338

*OVERNIGHT:*

200 CAPITOL STREET

CHARLESTON, WV 25301

PHONE: 304.205.6388

FAX: 304.345.0260


**FLAHERTYLEGAL.COM**


**From:** KERRY NESSEL <nessel@comcast.net>
**Sent:** Wednesday, September 11, 2024 2:17 PM
**To:** Stebbins, James C. <jstebbins@flahertylegal.com>; Wendy E. Greve <wgreve@pffwv.com>; Jayne Hudnall <jhudnall@pffwv.com>
**Cc:** tyler@haslamlawfirm.com
**Subject:** Hudson v. Racer, et al.


**CAUTION: THIS EMAIL ORIGINATED FROM OUTSIDE THE ORGANIZATION.**

Counsel, particularly Jamie, Tyler and I feel the need to redepose Racer due to the 700 + page internal affairs investigation, specifically Lt. Pile's interview with Racer and her conclusions.

As the Court entered and order yesterday extending the deposition deadline to Sept 27 and the recent disclosure, we believe our request is reasonable.

Please let me know ASAP.

Additionally, considering Racer had been brutally battered by no less than 5 men at a bar and suffered significant physical injuries, including a brain bleed and broken orbital bone on his left side, we request his medical records concerning the same.

Further, we are willing to travel to the WVSP academy to conduct this deposition.

Finally, please provide us dates for your availability to depose Lt. Pile. I assume this will have to take place in Chas.

Thanks.

This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation. This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.

This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation. This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.

IMPORTANT: This email and any attachments may contain confidential and privileged information. If you are not the intended recipient, please do not read, copy, distribute, or use this message. If you have received this message in error, please notify us immediately and delete this message from your system. This email may be subject to the attorney-client privilege or attorney work product. Any disclosure, copying, distribution, or use of this email by or to anyone other than the intended recipient(s) is unauthorized.

This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation. This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.