IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**OPAL R. SLONE, individually and as the
Administratrix of the Estate of Jacquline Hudson,
and THE ESTATE OF JACQULINE HUDSON**

      **Plaintiffs,**

v.                                                                    Case No.:  3:23-cv-00636

**JEFFREY RACER, individually & in his capacity
as a Deputy for the Cabell County Sheriff's Office,
and CABELL COUNTY SHERIFF'S OFFICE,
a West Virginia political subdivision, and
CHUCK ZERKLE, as the Elected Sheriff of
Cabell County, West Virginia, and
CABELL COUNTY COMMISSION,
 a West Virginia political subdivision,
and JOHN DOE 1-5,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiffs' Motion to Compel Second Deposition of Defendant Jeffery [sic] Racer, Jr. ("Defendant Racer"). (ECF No. 134). The Court finds that oral argument and briefing will not assist in resolving this motion given the deadlines in this case. On September 10, 2024, the presiding district judge entered an order requiring that all depositions be **completed** on or before September 27, 2024. (ECF No. 114) (emphasis added). One day before that deadline, Plaintiffs filed the instant motion, seeking to take a second deposition of Defendant Racer. Consequently, Plaintiffs did not allow adequate time for the undersigned to consider the motion, much less for the deposition to occur, by the deadline of September 27, 2024.

1

The Court notes that counsel was advised on September 13, 2024, that Defendant Racer was unwilling to accede to a second deposition. (ECF No. 134-5 at 1). While the Court appreciates the parties' attempts to resolve the issue informally, it did not negate their duty to comply with the scheduling order. There was never any indication that Defendant Racer consented to the deposition. Defendant Racer instead offered other potential compromises, such as responding to written questions. Plaintiffs were abundantly aware of the impending September 27, 2024, deposition deadline, and it was clear that any motion seeking a deposition must be filed sufficiently in advance of that date. Aside from the above flaw, Plaintiffs do not show good cause for the Court to grant them leave to conduct a second deposition of Defendant Racer. Fed. R. Civ. P. 30(a)(2)(A)(ii).

For those reasons, the Court **DENIES** the motion. (ECF No. 134). The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** September 27, 2024



Joseph K. Reeder
United States Magistrate Judge