IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OPAL R. SLONE, individually and as the
Administratrix of the Estate of Jacquline Hudson, and
THE ESTATE OF JACQULINE HUDSON

                                                              Plaintiffs,

v.                                                           CIVIL ACTION NO. 3:23-0636

JEFFREY RACER, individually & in his capacity
as a Deputy for the Cabell County Sheriff's Office, and
CHUCK ZERKLE, as the Elected Sheriff of
Cabell County, West Virginia, and
CABELL COUNTY COMMISSION,
a West Virginia political subdivision, and
JOHN DOE 1-5,

                                              Defendants.

**MEMORANDUM OPINION AND ORDER**

Although the parties have informed the Court of a settlement of this matter, the Court still must resolve the Motion to Seal Various Items in the Record (ECF No. 120) filed by Plaintiffs Opal R. Slone, individually and as the Administratrix of the Estate of Jacquline Hudson, and the Estate of Jacquline Hudson. By Order entered on September 10, 2024, the Court provisionally sealed Defendant Jeffery Racer's Responses and exhibits (ECF Nos. 105, 106, 107) until a ruling on the issue of sealing is complete. ECF No. 113. Thereafter, the Court also provisionally sealed the Responses and exhibits filed by Defendants the Cabell County Sheriff's Office, Sheriff Chuck Zerkle, and the Cabell County Commission (the "County Defendants") (ECF Nos. 108, 110). Thus, as it currently stands, ECF Nos. 105, 106, 107, 108, and 110, with the accompanying exhibits, are all provisionally sealed.

In their Motion to Seal, Plaintiffs reference Defendant Racer's *Response in Opposition to Plaintiff's Motion for Partial Summary Judgment against all Defendants for Substantive Due Process Violations* (ECF No. 106), with attached exhibits, and his *Response in Opposition to Plaintiff's Motion for Partial Summary Judgment as to Defendants' Claims of Non-Party Fault or, in the alternative, Motion in limine to Preclude any Claims of Non-Party Fault at Trial* (ECF No. 107), with attached exhibits. Plaintiffs state these documents as filed cannot be unsealed because they contain the names of minors and "information about infant children who are not party to this matter and other possibly sensitive materials." *Pls.' Mot. to Seal Various Items in the R.*, at 1-2. Additionally, Plaintiffs assert the autopsy report of Laney Hudson filed as exhibits by both Defendant Racer and the County Defendants (ECF Nos. 105-7, 106-7, 108-5) should remain sealed. Finally, Plaintiffs claim that the depositions of Defendant Racer (108-1, 110-1), Opal Slone (ECF No. 108-6), and a minor referred to as N.S. (108-4, 110-3) that the County Defendants attached to their Responses also should remain sealed. Plaintiffs contend that, "[s]ave for Defendants amending their respective responses using infants' initials as opposed to their full names, . . . simply redacting various excerpts from the aforementioned documents will not suffice as the Court needs to review the items in full in order to make rulings on the various motions." *Pls.' Mot. to Seal Various Items in the R.*, at 2.

In response to Plaintiffs' motion, Defendant Jeffery Racer states he does not believe it is necessary to seal the limited portions of either his deposition (ECF Nos. 105-1, 106-1) or Ms. Slone's deposition (ECF Nos. 105-6, 106-5) that he attached as exhibits to his Responses. Likewise, he does not believe the depositions of Steven Foster (ECF Nos. 105-2, 106-2, 108-3) or Hannah Giammarino (ECF Nos. 105-5, 106-4, 108-2, 110-2) should be sealed. As to the deposition

of N.S. (ECF No. 105-4, 106-6, 107-1, 108-4, 110-3), Defendant Racer asserts it can be redacted to remove the names of minors. Additionally, he states the protected information from N.S.'s deposition contained in his *Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment as to Defendant's Claims of Non-Party Fault* (ECF No. 107) can be removed through amendment. Defendant Racer agrees that the autopsy report of Ms. Hudson contains confidential medical records and should remain sealed, but he maintains the death certificate (ECF Nos. 105-3, 106-3) is a public document and should not be sealed. Likewise, Defendant Racer asserts the report from Putnam County Prosecutor Mark Sorsaia (ECF Nos. 105-8, 106-8) regarding the criminal investigation should not be sealed as it already was disseminated to the public. Plaintiffs did not file a reply to Defendant Racer's arguments.

The County Defendants also assert redacted versions of the exhibits attached to their *Response to Plaintiffs' Motion for Summary Judgment on Negligence against Defendant Racer, Jr. (Count II))* (ECF No. 108) and their *Response to Plaintiffs' Motion for Summary Judgment on Substantive Due Process* (ECF No. 110) are a less drastic alternative to those documents being sealed in full. Additionally, they maintain their *Response to Plaintiffs' Motion for Summary Judgment on Negligence against Defendant Racer, Jr. (Count II)* can be further amended "to delete a partial reference to protected information contained in the exhibits." *Defs.' Mem. of Law in Supp. of Mot. to Seal,* at 2, ECF No. 123. Specifically, the County Defendants asserts the Court should direct redacted versions of Defendant Racer's deposition (ECF Nos. 108-1, 110-1), Ms. Slone's deposition (ECF No. 108-6), and N.S.'s deposition (ECF No. 108-4, 110-3) that they filed as exhibits to use initials of minors in lieu of their names and to remove the personal identifiers. With respect to the deposition of N.S., the County Defendants also state they

would not object to keeping the deposition under seal in its entirety as it contains protected information to a much large degree than some the other documents. *Id*. at 4 n.2.

Pursuant to Local Rule of Civil Procedure 26.4(c)(2), a motion to seal must be accompanied by a memorandum of law providing:

(A) the reasons why sealing is necessary, including the reasons why alternatives to sealing, such as redaction, are inadequate;

(B) the requested duration of the proposed seal; and

(C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals.

S.D. W. Va. L.R. Civ. P. 26.4(c)(2). "The common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (other quotation marks and citation omitted)). "This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Effectively the result is a balancing test requiring courts to consider "whether the records are sought for improper purposes, such as promoting public scandals . . . ; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (citation omitted). In any event, "the decision as to access" under the common law standard "is one best left to the sound discretion of the trial court." *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978).

Here, the Court agrees that Ms. Hudson's autopsy report should remain sealed as it contains confidential medical information that cannot be adequately redacted. *See Est. of Neal v. Maryland*, Civ. Act. No. ELH-15-3278, 2016 WL 11641938, at *2 (D. Md. Aug. 4, 2016) (sealing autopsy report as it "obviously contains personal medical information about the decedent that cannot be readily redacted"). Likewise, the Court finds the deposition of N.S. should remain sealed as it would be very challenging to sufficiently redact the sensitive material about various minors discussed throughout the deposition. Therefore, the Court **GRANTS** Plaintiffs' motion with respect to the autopsy report of Ms. Hudson (ECF Nos. 105-7, 106-7, 108-5) and N.S.'s deposition (ECF Nos. 105-4, 106-6, 107-1, 108-4, 110-3) and **ORDERS** those documents remain **SEALED**.

As to the depositions of Steven Foster (ECF No. 105-2, 106-2, 108-3) and Hannah Giammarino (ECF No. 105-5, 106-4, 108-2, 110-2), Defendant Racer represents that there is no reason to maintain the seal on these depositions, and Plaintiffs have not identified any specific reasons why they should be sealed. Therefore, the Court **DIRECTS** the Clerk to **UNSEAL** these depositions. Additionally, the Court **DIRECTS** the Clerk to **UNSEAL** the Death Certificate of Laney Hudson (ECF No. 105-3, 106-3) as it is a public document and the report of Mark A. Sorsaia (ECF No. 105-8, 106-8), as it apparently already has been disseminated to the public.

The parties seem to agree that the names and personal identifiers of the minors and any information subject to the Order of Protection should be redacted from any documents that are unsealed. The Court also agrees. *See* Fed. R. Civ. P. 5.2(a)(3) (providing that a minor's initials should be used in court filings); Fed. R. Civ. P. 5.2(e) ("Protective Orders. For good cause, the court may by order in a case: (1) require redaction of additional information"). Therefore, to the

extent any of the Responses contain the full name of minors and/or any protected information, the Court **DIRECTS** Defendants to file redacted and/or amended versions of those Responses **on or before February 12, 2025**. If Defendants believe any of their Responses do not contain information that requires redaction and/or amendment, the Court **DIRECTS** Defendants to notify the Court **on or before February 12, 2025**, of its position with the title and docket number of that document. If Plaintiffs disagree with Defendants' position, the Court **DIRECTS** Plaintiffs to file a Response **on or before February 14, 2025**, identifying precisely what information they believe must be redacted with the page number of the contested information.

The Court further **ORDERS** the County Defendants to file redacted versions of Defendant Racer's deposition (ECF Nos. 108-1, 110-1) and Ms. Slone's deposition (ECF No. 108-6) **on or before February 12, 2025**. As Defendant Racer already filed redacted versions of his own deposition (ECF Nos. 105-1, 106-1) and Ms. Slone's deposition (ECF Nos. 105-6, 106-5), the Court **ORDERS** Plaintiffs to identify **on or before February 12, 2025**, what, if any, additional information they believe should be further redacted from what Defendant Racer has filed.

Accordingly, for the foregoing reasons, the Court **GRANTS, in part,** Plaintiffs' Motion to Seal Various Items in the Record (ECF No. 120) and **HOLDS IN ABEYANCE** the remainder of motion pending receipt of additional information from the parties.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: February 5, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE